James F. AHERN, Plaintiff-Appellant,

v.

Morgan F. MURPHY et al.,
Defendants-Appellees.

No. 71-1286.

United States Court of Appeals,
Seventh Circuit.

March 22, 1972.

James G. Demopoulos, Chicago, Ill., for plaintiff-appellant.

Richard L. Curry, Corp. Counsel, William R. Quinlan, Richard F. Friedman, Chicago, Ill., for defendants-appellees.

Andrew J. Leahy, Lawrence A. Poltrock, Chicago, Ill., for amicus curiae.

Before PELL and SPRECHER, Circuit Judges, and DILLIN, District Judge.*

SPRECHER, Circuit Judge.

Plaintiff has attacked the constitutional sufficiency of a Chicago ordinance and a rule of the city police department requiring policemen to reside within the corporate boundaries of the City of Chicago.

Plaintiff alleged violations of 42 U.S.C. §§ 1983 and 1985 and of the equal protection clause of the Fourteenth Amendment by Section 25–30 of the Chicago Municipal Code, which provides:

> "All officers and employees in the classified civil service of the city shall be actual residents of the city. Any officer or employee in the classified civil service of the city who shall fail to comply with the provisions of this section shall be discharged from the service of the city in the manner provided by law."

He also challenged Rule 24 of the Chicago Police Department Rules and Regulations which includes among "prohibited acts" the "failure to reside within the corporate boundaries of the City of Chicago." This rule was promulgated pursuant to the statutory authority of Ill. Rev.Stat. ch. 24, § 3–7–3.1 (1969).

This appeal was argued orally on March 2, 1972. A few days earlier, on February 28, the Supreme Court of the United States dismissed an appeal from the decision of the Supreme Court of Michigan in Detroit Police Officers Ass'n v. City of Detroit, 385 Mich. 519, 190 N.W.2d 97 (1971), "for want of a substantial federal question." 405 U.S. 950, 92 S.Ct. 1173, 31 L.Ed.2d 227. The Michigan Supreme Court had held that a Detroit ordinance similar to the Chicago ordinance did not violate the equal protection clause of the Fourteenth Amendment.

Oral argument before us was limited to whether the United States Supreme Court's dismissal of the appeal from the state court was dispositive of this appeal or merely "persuasive."

Although it is well established that the denial of a petition for writ of certiorari by the Supreme Court carries no precedential weight whatever, Maryland v. Baltimore Radio Show, 338 U.S. 912, 919, 70 S.Ct. 252, 94 L.Ed. 562 (1950), the dismissal of an appeal for want of a substantial federal question stands on an entirely different basis. It is a decision on the merits of the case appealed. Ohio ex rel. Eaton v. Price, 360 U.S. 246, 247, 79 S.Ct. 978, 3 L.Ed. 2d 1200 (1959); Stern & Gressman, Supreme Court Practice (4th ed. 1969) 197. In fact, dismissal for want of a substantial federal question in a state court appeal is fully equivalent to affirmance on the merits in an appeal from a federal court insofar as the federal questions under 28 U.S.C. § 1257(1) and (2) are concerned. Id. at 233.

In a like situation, the Court of Appeals for the Second Circuit held that the Supreme Court dismissal was dispositive. In Port Authority Bondholders Protective Committee v. Port of New York Authority, 387 F.2d 259, 262 (2nd Cir. 1967), the court said:

> "It would be inappropriate for us to make an independent examination of the substantiality of the questions here presented since the Supreme Court has considered them not simply in a similar case but in a substantially identical one.

\*      \*      \*      \*      \*      \*

---

* District Judge S. Hugh Dillin of the Southern District of Indiana is sitting by designation.

"We thus see no escape from the conclusion that the Supreme Court has labeled as unsubstantial the very question which constitutes plaintiffs' most likely basis for asserting federal question jurisdiction."

The *Port Authority* case was questioned in a student law review note, "The Significance of Dismissals 'For Want of a Substantial Federal Question,'" 68 Col.L.Rev. 785 (1968), which seemed to prefer considering the Supreme Court action as persuasive precedent rather than as dispositive. This was the approach of Two Guys From Harrison-Allentown, Inc. v. Mc-Ginley, 179 F.Supp. 944 (E.D.Pa.1959), aff'd, 366 U.S. 582, 81 S.Ct. 1135, 6 L. Ed.2d 551 (1961).

Taking cognizance of the law review note, the Second Circuit recently stated that it would "continue to hold our considered position that 'unless and until the Supreme Court should instruct otherwise, inferior federal courts had best adhere to the view that if the Court has branded a question as unsubstantial, it remains so except when doctrinal developments indicate otherwise.'" Heaney v. Allen, 425 F.2d 869, 871 (1970).

■ We agree with the Second Circuit. The alternative approach would either reach the same result, inasmuch as the Supreme Court's opinion would be extremely persuasive if not dispositive as a matter of stare decisis, or would result in endless speculation if, as some writers have suggested, courts attempted to fathom whether the Supreme Court in a particular dismissal for want of a substantial federal question did so because the claim was frivolous or was foreclosed by earlier Supreme Court opinions or was simply passed over as not deserving a large investment of the Court's time.

We therefore affirm the district court's dismissal of the complaint and cause of action.