**Richard DAVID, individually, as well as on behalf of others similarly situated, Plaintiff-Appellant,**

v.

**NEW YORK TELEPHONE COMPANY, Defendant-Appellee.**

**No. 161, Docket 72–1530.**

United States Court of Appeals, Second Circuit.

Argued Nov. 15, 1972.

Decided Dec. 5, 1972.

**192**

Bradley B. Davis, New York City, for plaintiff-appellant.

Leonard Joseph, New York City (Dewey, Ballantine, Bushby, Palmer & Wood, New York City, and Harvey Kurzweil and Jack Kaufmann, New York City, of counsel), for defendant-appellee.

Before SMITH, KAUFMAN and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal from an order of Hon. Edmund L. Palmieri, United States District Court Judge, Southern District of New York, granting the defendant's motion to dismiss the complaint for failure to state a claim upon which relief could be granted. 341 F. Supp. 944 (S.D.N.Y.1972). This court affirmed the dismissal of the complaint in open court on November 15, 1972, on the ground that there was no substantial federal question and hence the court lacked jurisdiction under 28 U.S.C. § 1343(3) (1970). This action was commenced by Richard David and purportedly on behalf of all other "unemployed persons without financial resources who require telephones installed in their residences in New York State," to have the telephone deposit tariff declared violative of the Equal Protection Clause of the Fourteenth Amendment. The tariff provision challenged (Public Service Commission Tariff No. 800) authorizes the New York Telephone Company to require applicants for service whose financial responsibility is not established to its satisfaction, to deposit a sum up to an amount equal to the estimated charges for two months for the facilities and service. There is statutory authority for this provision, N.Y.Pub.Serv.Law § 120 (McKinney's Consol.Laws, c. 48, Supp.1972). The same Equal Protection challenge was rejected by the California Supreme Court in Wood v. Public Util. Comm'n, 4 Cal.3d 288, 93 Cal. Rptr. 455, 481 P.2d 823 (1971), and the United States Supreme Court after considering that argument (see Appellant's Jurisdictional Statement filed in the United States Supreme Court at 7–13), dismissed for want of a substantial federal question. 404 U.S. 931, 92 S.Ct. 293, 30 L.Ed.2d 245 (1971). Since jurisdiction under § 1343(3) depends on the statement of a substantial federal question (Almenares v. Wyman, 453 F. 2d 1075, 1082 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed. 2d 815 (1972)), we affirm the dismissal of the complaint here on that ground. Ahern v. Murphy, 457 F.2d 363 (7th Cir. 1972); Port Authority Bondholders Protective Committee v. Port of N. Y. Authority, 387 F.2d 259 (2d Cir. 1967).