**CENTER FOR UNITED LABOR ACTION et al., Plaintiffs,**

v.

**CONSOLIDATED EDISON COMPANY and New York State Public Service Commission, Defendants.**

**No. 74 Civ. 1897–LFM.**

United States District Court, S. D. New York.

May 20, 1974.

Jim McMahan and Carl Jones, pro se.

Williams & O'Neill, New York City, for defendant Consolidated Edison Co. of New York; Ronald A. P. Rock and Peter A. Hagan, New York City, of counsel.

Peter H. Schiff, Albany, N. Y., Gen. Counsel for Public Service Commission; David Schechter, New York City, of counsel.

MacMAHON, District Judge.

Plaintiffs in this purported class action seek, pro se, a preliminary injunction restraining defendant Consolidated Edison Company (Con Ed) for issuing notices of termination of gas and elec-

tric service to residential and small commercial customers in advance of the time Con Ed would have issued such notices prior to April 11, 1974. Con Ed and defendant New York State Public Service Commission (PSC) move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Rule 12(b)(1) and (6), Fed.R.Civ.P. Since we have elected to consider facts outside the complaint, we will treat the motion as application for summary judgment. Rule 56(b), Fed.R.Civ.P.

■ Plaintiffs seek to represent the class of all Con Ed customers in New York City. They claim that Con Ed's recent decision to begin issuing termination notices to delinquent customers two months after nonpayment of bills, instead of three months after nonpayment, as before, violates their rights and the rights of the class under the redress of grievances clause of the First Amendment and the due process and equal protection clauses of the Fourteenth Amendment. Although plaintiffs' pro se complaint does not so allege,[1] we assume that the action is brought under 42 U.S.C. § 1983 and that jurisdiction is predicated on 28 U.S.C. § 1343(3).[2]

■ To establish jurisdiction under § 1343(3), plaintiffs must raise a substantial federal question.[3] Since no genuine issue of fact is present, we proceed to a consideration of the constitutional questions raised by plaintiffs.

■ Plaintiffs first contend that Con Ed's action and the PSC's failure to hold hearings on the change in Con Ed's practice violates their First Amendment right to "petition the Government for a redress of grievances." Clearly, the redress of grievances clause guarantees every citizen's right to petition any department of the government, including state administrative agencies such as the PSC, for a redress of grievances.[4] Plaintiffs, however, have never attempted to take their complaint to the PSC, and neither Con Ed's action nor the PSC's inaction affects their right to do so. In short, no action taken by the defendants has violated plaintiffs' First Amendment rights.

■■ Plaintiffs also claim that Con Ed discriminates against residential and small commercial customers because it issues discontinuance notices to them if they do not pay their bills, but does not issue such notices to large commercial customers or to city, state and federal governments, however delinquent. This practice, plaintiffs allege, violates the equal protection clause of the Fourteenth Amendment.[5] We disagree. The equal protection clause forbids only invidious and arbitrary classifications, and if a classification is reasonable, it does not offend the Fourteenth Amendment.[6]

1. We note that *pro se* complaints are not to be held to the strict pleadings standards of formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2. Since plaintiffs do not allege (and we would find it incredible if they did) that each member of the class can assert a claim against the defendants in excess of $10,000, we assume there is no general federal question jurisdiction under 28 U.S.C. § 1331 and that plaintiffs must resort to § 1343(3), which has no jurisdictional amount requirement to sustain jurisdiction. See, Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

3. Almenares v. Wyman, 453 F.2d 1075, 1082 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972).

4. California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972).

5. Since actions by public utilities have been held to be state actions, such utilities, including Con Ed, are bound to comply with the dictates of the Fourteenth Amendment. Ihrke v. Northern States Power Co., 459 F.2d 566, 568 (8th Cir.), vacated as moot, 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72 (1972); Bronson v. Consolidated Edison Co. of N.Y., 350 F.Supp. 443, 446 (S.D.N.Y.1972).

6. Village of Belle Terre v. Boraas, —— U.S. ——, 94 S.Ct. 1536, 39 L.Ed.2d 797, 42 U.S.L.W. 4475, 4477 (1974); Reed v. Reed, 404 U.S. 71, 75–76, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

■ Con Ed shows that discontinuing the gas and electrical service of large businesses and governmental bodies would greatly disrupt and possibly endanger the lives of millions of innocent people, a result which does not occur when a residential customer's service is terminated. Moreover, Con Ed, in an attempt to encourage large users to pay their bills promptly, has recently sought PSC approval to charge large commercial and governmental clients interest of 1½% per month on unpaid bills. We think, under the circumstances, that termination of service to large customers is not a viable business or policy choice for Con Ed. Its policy of not terminating such service for non-payment is, therefore, reasonable and does not violate the equal protection clause.

Finally, plaintiffs claim that because Con Ed's policy on issuing termination notices was made without a prior public hearing, their Fourteenth Amendment rights to procedural due process were infringed. Specifically, they contend that Con Ed's action denies them any opportunity to challenge errors in Con Ed's bills, before service is terminated.

As a result of earlier litigation in this court,[7] Con Ed has adopted regulations which guarantee Con Ed customers ample notice of impending termination of service and an opportunity to challenge erroneous bills before service is actually terminated. This is all the due process clause requires.[8] Furthermore, these regulations were adopted by the PSC on May 9, 1973, following public hearings in an "Opinion, Order and Resolution Establishing Rules and Regulations Pertaining to Complaint Procedures," and Con Ed, as well as other public utilities in New York, are bound by law to obey them.

The regulations require Con Ed to include in termination notices sent to a delinquent customer an insert stating the customer's right to challenge the threatened termination. The bilingual insert advises that if a customer disputes the accuracy of his bill, he should contact the company's nearest district office within ten days of the mailing of the notice and that Con Ed will conduct a review of his account. During the review, "[a]ll action to disconnect service will be held in abeyance. . . ." The insert also advises that if a customer is not satisfied with Con Ed's determination of his billing complaint, the matter will be referred to a "New York State agency for further review." Moreover, the PSC's regulations provide for informal and formal hearings by the Commission, if necessary, before the utility may terminate service. If a customer elects to bring his case before the PSC, discontinuance of service must be stayed pending resolution of the case by the PSC.

■ We think the present procedure followed by the PSC and Con Ed ensures plaintiffs and other Con Ed customers reasonable notice of termination, adequate advice of their rights and fair opportunity to challenge erroneous bills. We conclude, therefore, that plaintiffs' rights to due process have not been violated, since Con Ed's recent action has had no effect on pre-exisiting procedures which guarantee those rights.

Accordingly, since the complaint fails to raise a substantial federal question, it is hereby dismissed for lack of subject matter jurisdiction, and summary judgment dismissing the action is hereby granted.[9] Defendant's motions are, therefore, granted, and plaintiffs' application for a preliminary injunction is denied.

So ordered.

---

7. Bronson v. Consolidated Edison Co. of N. Y., *supra.*

8. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

9. See, David v. New York Telephone Co., 470 F.2d 191 (2d Cir. 1972).