523 F.2d 205
 11 Fair Empl.Prac.Cas. 1200,
10 Empl. Prac. Dec. P 10,259
Julia GAULT, individually and on behalf of all others
similarly situated, Plaintiffs-Appellants,
v.
James E. GARRISON, President, Board of Education, School
District 215, et al., Defendants-Appellees.
 No. 74-1579.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 11, 1974.
Decided June 12, 1975.
 
 Howard Eglit, Chicago, Ill., for appellant.
 Stephen L. Solomon, New York City, for amicus curiae.
 Edward A. Antonietti, Calumet City, Ill., for appellee.
 Before BARNES,* Senior Circuit Judge, SWYGERT and PELL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The broad issue presented in this appeal is the constitutionality of governmental mandatory retirement requirements.
 
 
 2
 Plaintiff was a tenured biology teacher at Thornton Fractional Township South High School who was forced to retire at age sixty-five in accordance with the School Board's written policy. The Illinois statutory provisions on tenure provide that the tenure of public school teachers shall end at sixty-five and any subsequent employment shall be on an annual basis. Plaintiff contends that the Board Policy is unconstitutional on due process grounds (irrebuttable presumption and arbitrary termination of public employment) and on equal protection grounds. Plaintiff sought injunctive relief. The district court granted the defendants' motion to dismiss. Plaintiff has appealed.
 
 
 3
 The Supreme Court has recently summarily disposed of two appeals involving the issue raised in this case. In McIlvaine v. Pennsylvania, 415 U.S. 986, 94 S.Ct. 1583, 39 L.Ed.2d 884 (1974), the United States Supreme Court dismissed "for want of a substantial federal question" an appeal from a decision of the Pennsylvania Supreme Court[1] rejecting an equal protection attack against a statute mandating retirement at age sixty for Pennsylvania State Policemen. A three-judge federal district court[2] held that it was bound by the Supreme Court's action in McIlvaine and dismissed a constitutional challenge by a HUD attorney to the federal law mandating retirement at age seventy. The Supreme Court summarily affirmed. Weisbrod v. Lynn, --- U.S. ---, 95 S.Ct. 1319, 43 L.Ed.2d 420 (1975). The lower court decision in Weisbrod ruled that summary dispositions by the Supreme Court must be treated as decisions on the merits which have the force of binding precedent unless later doctrinal developments indicate otherwise. Moreover, the three-judge court held that McIlvaine was not distinguishable either on the ground that it involved an occupation dependent on physical vigor or on the basis that, unlike Weisbrod, no explicit due process impermissible, irrebuttable presumption claim was presented.
 
 
 4
 The preliminary issue before us is whether the decision by the Weisbrod court concerning the precedential value of Supreme Court summary dispositions is correct. It is important to determine at the outset the relevance of the fact that we are confronted with two summary dispositions by the Supreme Court, the latter of which is an affirmance of a holding that summary dispositions are binding precedent. This summary affirmance, of course, cannot be conclusive on the very question of whether summary dispositions are binding. Thus, on this precise point it makes little difference that in addition to the dismissal in McIlvaine we have the affirmance in Weisbrod. But assuming summary dispositions are to be given precedential value, then the affirmance in Weisbrod is not merely cumulative. It would be authority for the proposition that a summary disposition concerning a specific mandatory retirement law is apposite to an attack on a law involving a different type of occupation and a different retirement age.
 
 
 5
 While the theoretical problems associated with interpreting summary dispositions are complicated[3] and the Supreme Court itself, unfortunately, has never fully addressed the issue, there is Seventh Circuit authority squarely on point.
 
 
 6
 In Ahern v. Murphy, 457 F.2d 363 (7th Cir. 1972), this court determined that it was bound by a recent Supreme Court dismissal for want of a substantial federal question of an appeal from a Michigan Supreme Court decision holding that an ordinance similar to the one attacked in Ahern was not violative of the Equal Protection Clause. In accordance with such authority as Stern & Gressman, Supreme Court Practice (4th ed. 1969), this court held that the Supreme Court's disposition was "a decision on the merits of the case appealed." 457 F.2d at 364. Relying on a leading Second Circuit precedent it was decided that a summary disposition must be treated as dispositive precedent rather than merely persuasive:
 
 
 7
 In a like situation, the Court of Appeals for the Second Circuit held that the Supreme Court dismissal was dispositive. In Port Authority Bondholders Protective Committee v. Port of New York Authority, 387 F.2d 259, 262 (2nd Cir. 1967), the court said:
 
 
 8
 "It would be inappropriate for us to make an independent examination of the substantiality of the questions here presented since the Supreme Court has considered them not simply in a similar case but in a substantially identical one.
 
 
 9
 "We thus see no escape from the conclusion that the Supreme Court has labeled as unsubstantial the very question which constitutes plaintiffs' most likely basis for asserting federal question jurisdiction."
 
 
 10
 The Port Authority case was questioned in a student law review note, "The Significance of Dismissals 'For Want of a Substantial Federal Question,' " 68 Col.L.Rev. 785 (1968), which seemed to prefer considering the Supreme Court action as persuasive precedent rather than as dispositive. This was the approach of Two Guys From Harrison-Allentown, Inc. v. McGinley, 179 F.Supp. 944 (E.D.Pa.1959), aff'd, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1961).
 
 
 11
 Taking cognizance of the law review note, the Second Circuit recently stated that it would "continue to hold our considered position that 'unless and until the Supreme Court should instruct otherwise, inferior federal courts had best adhere to the view that if the Court has branded a question as unsubstantial, it remains so except when doctrinal developments indicate otherwise.' " Heaney v. Allen, 425 F.2d 869, 871 (1970).
 
 
 12
 We agree with the Second Circuit. The alternative approach would either reach the same result, inasmuch as the Supreme Court's opinion would be extremely persuasive if not dispositive as a matter of stare decisis, or would result in endless speculation if, as some writers have suggested, courts attempted to fathom whether the Supreme Court in a particular dismissal for want of a substantial federal question did so because the claim was frivolous or was foreclosed by earlier Supreme Court opinions or was simply passed over as not deserving a large investment of the Court's time. 457 F.2d at 364-65.
 
 
 13
 Similarly, Jordan v. Weaver, 472 F.2d 985, 986 (7th Cir. 1973), held that "a summary affirmance is a decision on the merits having precedential value." This court determined that a sovereign immunity argument was foreclosed by Supreme Court summary affirmances.
 
 
 14
 It might be possible, however, to argue that these Seventh Circuit cases should be reconsidered in light of the Supreme Court's reversal of this court and rejection of prior summary affirmances in Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Indeed, the Supreme Court did explicitly indicate that summary dispositions are not of the same precedential value as fully considered opinions. There the Court said:
 
 
 15
 This case, therefore, is the first opportunity the Court has taken to fully explore and treat the Eleventh Amendment aspects of such relief in a written opinion. Shapiro v. Thompson (394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600) and these three summary affirmances obviously are of precedential value in support of the contention that the Eleventh Amendment does not bar the relief awarded by the District Court in this case. Equally obviously, they are not of the same precedential value as would be an opinion of this Court treating the question on the merits. Since we deal with a constitutional question, we are less constrained by the principle of stare decisis than we are in other areas of the law. Having now had an opportunity to more fully consider the Eleventh Amendment issue after briefing and argument, we disapprove the Eleventh Amendment holdings of those cases to the extent that they are inconsistent with our holding today. 415 U.S. at 670-71, 94 S.Ct. at 1359. (footnote omitted).
 
 
 16
 From this language it appears that the Supreme Court was indicating that it was less restrained in overruling summary affirmances. We do not think, however, that Edelman can be read as a direction to lower courts to ignore summary dispositions, although Mr. Chief Justice Burger's concurring opinion in Fusari v. Steinberg, 419 U.S. 379, 95 S.Ct. 533, 540, 42 L.Ed.2d 521 (1975), should be noted:
 
 
 17
 Second, although I agree wholeheartedly with the Court's reasoned discussion of the tension between the summary affirmance in Torres v. New York State Dept. of Labor, 405 U.S. 949 (92 S.Ct. 1185, 31 L.Ed.2d 228) (1972), aff'g 321 F.Supp. 432 (S.D.N.Y.1971), and the court's opinion in California Human Resources Dept. v. Java, 402 U.S. 121 (91 S.Ct. 1347, 28 L.Ed.2d 666) (1971), at 538-540 (91 S.Ct. 1347) n. 15, we might well go beyond that and make explicit what is implicit in some prior holdings. E. g., Gibson v. Berryhill, 411 U.S. 562, 576 (93 S.Ct. 1689, 36 L.Ed.2d 488) (1971); Edelman v. Jordan, 415 U.S. 651, 671 (94 S.Ct. 1347, 39 L.Ed.2d 662) (1974). When we summarily affirm without opinion the judgment of a three-judge District Court we affirm the judgment but not necessarily the reasoning by which it was reached. An unexplicated summary affirmance settles the issues for the parties, and is not to be read as a renunciation by this Court of doctrines previously announced in our opinions after full argument. Indeed, upon fuller consideration of an issue under plenary review, the Court has not hesitated to discard a rule which a line of summary affirmances may appear to have established. E. g., Edelman v. Jordan, supra, 415 U.S., at 671 (94 S.Ct. 1347, 1359); Sniadach v. Family Finance Corp., 395 U.S. 337, 344 (89 S.Ct. 1820, 23 L.Ed.2d 349 (Harlan, J., concurring); 395 U.S. 350 (89 S.Ct. 1827) (Black, J., dissenting); Reynolds v. Sims, 377 U.S. 533, 614 (84 S.Ct. 1362, 12 L.Ed.2d 506) (1964) (Harlan, J., dissenting). (footnote omitted).
 
 
 18
 This statement also does not indicate that lower courts can ignore such summary dispositions even if they should not be interpreted as overruling prior precedent. The holdings of the two summary dispositions with which we are concerned do not directly conflict with prior Supreme Court opinions, although Mr. Justice Rehnquist's dissenting opinion in Cleveland Board of Education v. LaFleur, 414 U.S. 632, 659, 94 S.Ct. 791, 806, 39 L.Ed.2d 52 (1974), argued that "the Court will have to strain valiantly in order to avoid having today's opinion lead to the invalidation of mandatory retirement statutes for governmental employees."
 
 
 19
 If we were to consider Weisbrod and McIlvaine as binding precedents, the question which would have to be addressed is whether they are distinguishable from our case. In terms of the major issues presented, we do not think there are any significant distinctions.
 
 
 20
 One possible basis for distinction involves the particular occupations of the plaintiffs and the ages mandated for retirement. In our case the plaintiff has been required to retire at age sixty-five. In Weisbrod the age was seventy and in McIlvaine, sixty. There seems little ground on which to argue that although it is constitutional to require retirement at either age sixty or seventy, it is not constitutional to choose the age half way between those two. The argument might be made in a more sophisticated manner, however. In McIlvaine the sixty year old age limit was for state policemen, an occupation requiring vigorous physical activity and involving the safety of human lives. The plaintiff in Weisbrod was an attorney who was challenging the age seventy requirement. It could be said that whereas these two Supreme Court decisions indicate that mandatory retirement at sixty is proper for employees whose jobs necessitate strenuous physical activity and mandatory retirement at age seventy can be ordered for employees performing nonphysical work, these precedents do not foreclose consideration of whether mandatory retirement at age sixty-five for employees performing nonphysical work is constitutional. A closer analysis of these precedents diminishes the value of this possible distinction. In the first place, the lower court in Weisbrod specifically rejected the contention that McIlvaine should be distinguished on the basis of the physical ability element. This same argument was raised in the jurisdictional statement presented to the Supreme Court before it summarily affirmed Weisbrod. Moreover, since there was no evidence in Weisbrod to support the choice of age seventy, we could not hold that that case should be viewed as only upholding legislative determinations as to age seventy and not age sixty-five unless we can take judicial notice of some compelling difference between the two ages. Since we do not think there is any foundation for such judicial notice, we believe these precedents cannot be ignored on the basis of this alleged distinction.
 
 
 21
 The other area of possible distinction would be differing grounds of constitutional challenge. But the issues raised here are almost identical to those presented in Weisbrod in which there was an explicit due process attack premised on the impermissible, irrebuttable presumption line of cases. E. g., Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973). Admittedly in our case there is also a due process claim grounded on the theory of arbitrary dismissal of governmental employees. While it is not clear that this theory was directly presented in Weisbrod, it surely was implicitly considered and denied. (Weisbrod supports the position that implicit rejection of arguments can be recognized when interpreting summary dispositions.) In any event, if these mandatory retirement requirements do not constitute an impermissible presumption then dismissal on the basis of such a requirement would not be arbitrary.
 
 
 22
 Our conclusion must be that if we were to decide this appeal today, we would be constrained to honor the aforementioned Supreme Court summary dispositions as being at least extremely persuasive precedents if not binding ones. Yet we are also aware that the Supreme Court has seemingly decided to address this general issue fully. Probable jurisdiction has been noted in an appeal from a three-judge district court decision[4] invalidating a Massachusetts statute mandating the retirement of state police officers at age fifty. Massachusetts Board of Retirement v. Murgia, --- U.S. ---, 95 S.Ct. 1973, 44 L.Ed.2d 460 (1975). Though apparently constrained by Supreme Court summary dispositions, we do not think that this case should be decided solely on the basis of the two summary decisions referred to, in light of this latest Supreme Court action. Were this a usual case and while it was pending before us the Supreme Court had indicated that it was going to hear argument in a similar case, we might with propriety decide this appeal so as to offer the Supreme Court our views on the question. But in the instant matter we cannot reach the ultimate merits and present our judgment on the issue. Our view on the procedural question is of little consequence because the Supreme Court is of course not bound by these summary dispositions, although the lower courts seem to be in a quandry as to the Stare decisis effect of such dispositions. In view of the foregoing we believe the only just course is to stay a final decision on this appeal until the Supreme Court disposes of Murgia.
 
 
 23
 Accordingly, this appeal is hereby stayed pending the Supreme Court's decision in Massachusetts Board of Retirement v. Murgia.
 
 
 
 *
 The Honorable Stanley N. Barnes of the United States Court of Appeals for the Ninth Circuit is sitting by designation
 
 
 [1]
 McIlvaine v. Pennsylvania State Police, 454 Pa. 129, 309 A.2d 801 (1973)
 
 
 [2]
 Weisbrod v. Lynn, 383 F.Supp. 933 (D.D.C.1974)
 
 
 [3]
 See Note, Summary Disposition of Supreme Court Appeals: The Significance of Limited Discretion and a Theory of Limited Precedent, 52 B.U.L.Rev. 373 (1972)
 
 
 [4]
 Murgia v. Massachusetts Board of Retirement, 376 F.Supp. 753 (D.Mass.1974)