**Norbert L. CODY et al., Plaintiffs,**

**v.**

**UNION ELECTRIC COMPANY, a Missouri Corporation, et al., Defendants.**

**No. 74–736C(3).**

United States District Court,
E. D. Missouri, E. D.

March 11, 1976.

Arnold T. Phillips, Clayton, Mo., Doris Gregory Black, St. Louis, Mo., for plaintiffs.

---

Leland B. Curtis, Jefferson City, Mo., for defendants Mauze, Clark, Fain, Pierre, Reine, Gilmore.

W. H. Ferrell and Francis X. Duda, St. Louis, Mo., for defendants.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon the motion to dismiss by defendants, Missouri Public Service Commission, Chairman A. Robert Pierre, Jr., Commissioners Joe Mulvaney and Charles J. Fain, Former Chairman James F. Mauze, and former Commissioners William C. Reine and William Clark. Four alternative motions have also been filed by defendant Union Electric Company for summary judgment, dismissal of certain claims for mootness, striking of class allegations, or an order for a class certification hearing.

Plaintiffs are five past and six present black, commercial customers of defendant Union Electric Company. Plaintiffs allege occurrences of racial discrimination by defendants' policies and practices of requiring a security deposit under Missouri Public Service Commission's General Order No. 20, General Rule No. 12. Plaintiffs allege this Order to be a violation of 42 U.S.C. §§ 1981 and 1985, and the 13th and 14th Amendments of the United States Constitution on its face, and in its application.

Earlier the District Court entered an Order dismissing plaintiffs' cause of action against Union Electric Company for lack of jurisdiction. The Eighth Circuit Court of Appeals affirmed the dismissal of the Section 1983 claim but reversed and remanded for further proceedings under the Section 1981 claims.

It has come to this Court's attention by its own research that the Johnson Act of 1934 which withdrew jurisdiction of the federal district courts to enjoin state rate orders might apply to this case.

Without substantial change, the Johnson Act was incorporated in the Judicial Code of 1948 as Section 1342 of Title 28, dealing with the jurisdiction of the district courts. Section 1342 reads as follows:

The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:

(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,

(2) The order does not interfere with interstate commerce; and,

(3) The order has been made after reasonable notice and hearing; and,

(4) A plain, speedy and efficient remedy may be had in the courts of such State. June 25, 1948, c. 646, 62 Stat. 932.

Where all four of its conditions are met this act applies. *Zucker v. Bell Tel. Co. of Penn.*, 373 F.Supp. 748 (D.C.Pa., 1974), aff'd 510 F.2d 971 (3rd Cir., 1974).

Plaintiffs have asserted that General Order No. 20, General Rule 12, is repugnant to the 13th and 14th Amendments of the Federal Constitution. The 42 U.S.C. §§ 1981 and 1985 violations are basically 13th and 14th Amendment claims. *Gibson v. Mississippi*, 162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075 (1896); *U. S. v. Wong Kim Ark*, 169 U.S. 649, 18 S.Ct. 456, 42 L.Ed. 890 (1898); *Waters v. Wisconsin Steel Works of International Harvester Co.*, 427 F.2d 476 (7th Cir., 1970); *Martinsen v. Mullaney*, 85 F.Supp. 76, 12 Alaska 455 (1949). The security deposits required by defendant Union Electric Company do not interfere with interstate commerce since they are clearly intrastate in nature. *DeKalb County Georgia v. Southern Bell Tel. & Tel. Co.*, 358 F.Supp. 498 (D.C.Ga.1972), aff'd 478 F.2d 700 (5th Cir., 1972). No assertion has been made that the Order No. 20 was not made after reasonable notice and hearing at the state administrative levels. Finally the Court is of the opinion that a plain, speedy, and efficient remedy may be had against state

regulated utility practices in the Missouri state courts under the provisions of Chapter 536, RSMo 1969.

 Additional guidance has been provided recently in a Tenth Circuit affirmance of the Kansas District Court's dismissal of a case for lack of jurisdiction as precluded by the Johnson Act. *Tennyson v. Gas Service Company,* 506 F.2d 1135 (1974). The Johnson Act is not framed in terms of categories of plaintiffs, whether municipalities, state commissions, utilities or consumers, but in terms of enumerated conditions. The Congressional hands-off policy relating to rate-making as announced in the Johnson Act is not to be defeated by combining with the injunctive relief sought, either declaratory or monetary relief. The Johnson Act proscribes federal interference not with a "rate" simpliciter but with "any order affecting rates". *Tennyson,* supra, at 1138–1140. An order concerning security deposits of a public utility, as in the case at hand, is an "order affecting rates". *David v. New York Telephone Company,* 341 F.Supp. 944 (S.D.N.Y., 1972), aff'd 470 F.2d 191 (2d Cir., 1972).

The Court concludes for the above stated reasons that any injunctive interference by this Court with General Order No. 20, General Rule No. 12 of the Missouri Public Service Commission is barred by 28 U.S.C. § 1342, and will sua sponte dismiss this action for lack of jurisdiction.