QUESTION: May the state lawfully require residence within a given geographical area as a condition of public employment and/or give preference to Florida residents in the hiring of public employees?
SUMMARY: The state may lawfully require residence within a given geographical area as a condition of public employment so long as a rational basis exists for imposing such a requirement. Additionally, the state may lawfully give preference to bona fide Florida residents in the hiring of public employees. A number of courts, both state and federal, have considered the validity of laws which require residence in a certain place as a condition for employment. In Wright v. City of Jackson, Mississippi,506 F.2d 900 (5th Cir. 1975), a nonresident fireman challenged the constitutionality of a municipal ordinance which required city employees to live within the city. In upholding the validity of the ordinance, the court held that no fundamental right of interstate travel was infringed by the ordinance and that the city was not required to justify the ordinance under the compelling-interest standard which must be met upon interference with right to travel interstate. This right of interstate travel was recognized in Shapiro v. Thompson, 394 U.S. 618 (1969), in which the court invalidated a requirement for the receipt of welfare payments that an applicant be a resident of the state for 1 year. Although the court held that the durational residency requirement was unconstitutional, it was careful to point out that its holding did not invalidate bona fide continuing residence requirements. Subsequently, in Dunn v. Blumstein, 405 U.S. 330
(1972), the court invalidated a durational residency requirement for voter registration, but noted that "[n]othing said today is meant to cast doubt on the validity of appropriately defined and uniformly applied bona fide residency requirements." The Fifth Circuit, in Wright, supra, at 902, agreed with the California Supreme Court's decision in Eaton v. City of Torrance,514 P.2d 433 (1973), cert. denied, 415 U.S. 935 (1974), that nothing in Shapiro or any of its progeny stands for the proposition that there is a fundamental "right to commute" which would cause the compelling governmental purpose test to apply in cases involving local employment. To the contrary, a line of federal cases appears to be developing which allows state and local legislative bodies greater flexibility in enacting legislation in this area. See, e.g., Construction Industry of Sonoma County v. City of Petaluma,522 F.2d 897 (9th Cir. 1975); Memorial Hospital v. Maricopa County, 415 U.S. 250 (1974); Wright v. City of Jackson, supra; Vlandis v. Kline, 412 U.S. 441 (1973). Numerous cases since Shapiro have upheld municipal employee residence requirements and preferential hiring for bona fide residents when the same can be found to bear a rational relationship to one or more legitimate state purposes. See, e.g., Eaton v. City of Torrance, 514 P.2d 433
(1973), cert. denied, 415 U.S. 935 (librarian) (in which Justice Mosk noted at 437, "The question is not whether a man is free to live where he will. Rather, the question is whether he may live where he wishes and, at the same time, insist upon employment by government."); Hattiesburg Firefighters Local 814 v. City of Detroit, 190 N.W.2d 97 (1971), dism'd for want of a substantial fed. question, 405 U.S. 950 (1972) (In this circuit, a dismissal for want of a substantial federal question by the United States Supreme Court constitutes a decision on the merits of the case appealed.); Ahern v. Murphy, 457 F.2d 363 (7th Cir. 1972) (police officers); Town of Milton v. Civil Service Commission,312 N.E.2d 188 (Mass. 1974) (preferential hiring for residents); People ex rel. Holland v. Bleigh Construction Co., 335 N.E.2d 469 (Ill. 1975) (preferential hiring of residents of Illinois as laborers on public works projects); McCarthy v. Philadelphia Civil Service Commission, 339 A.2d 634 (Pa. 1975) (policeman). Most recently, the Supreme Court of the United States affirmed McCarthy, supra, in a per curiam opinion filed on March 22, 1976. The appellant in McCarthy contended that he had a constitutional right to be employed by the City of Philadelphia while living elsewhere. The court answered this by stating that there is no support in prior Supreme Court decisions for such a claim. The court also noted that none of the "right to travel" cases cited by the appellant involved "a public agency's relationship with its own employees which, of course, may justify greater control than over the citizenry at large." Based upon these considerations, it is probable that a statute which required individuals who work for the state to be residents of Leon and/or surrounding counties would pass constitutional scrutiny so long as a rational basis existed for such a requirement. Among the reasons for the imposition for such a requirement which have been found to bear a rational relationship to the objective sought are enhancement of the quality of performance by greater personal knowledge of local conditions and a personal stake in the locality, diminution of absenteeism and tardiness among personnel, ready availability of employees in emergency situations, general economic benefits flowing from local expenditures of employees' salaries, etc. Moreover, a statute which gives residents of the state a preference in hiring for public employment would likewise probably pass constitutional scrutiny. In People ex rel. Holland v. Bleigh Construction Co., supra, the court held that the state could give preference to residents of Illinois for employment on public works projects without violating the equal protection clause of either the Federal or Illinois Constitution. Presumably, a statute could be enacted by the Florida Legislature which gives to Florida residents preference in hiring for public employment over non-Florida residents without running afoul of either the State or Federal Constitution. It should be noted, however, that s.112.021, F. S., presently provides that: "Except as provided by law, there shall be no Florida residence requirement for any person as a condition precedent to employment by the state or any county." (Emphasis supplied.)