**Mary Juanelle HOFFERBER, Plaintiff,**

v.

**The FIRST NATIONAL BANK OF GUYMON, OKLAHOMA, each and every record Officer and Director of such corporation, Individually and collectively, to-wit, Julian J. Schaub, John Board, Frank M. Ogden, III, Ronald D. Huckins, P. R. Jackson, Robert J. Hays, Dr. Marvin McKee, Carl McKinnon, Raymond C. Neu, Gwenifred Lackey, Joel Lee Lackey, J. D. Ford, R. W. Peacock, Elizabeth J. Lewis, Shirley J. Ward, Yvonne Ralstin, Edith Russell and Sharon Peddy, Frank M. Ogden and John Board of Ogden and Board, Attorneys at Law, Norman C. Wilmeth, and Frontier Federal Savings and Loan Association of Liberal, Kansas, a Kansas Corporation, Defendants.**

No. CIV–77–0232–D.

United States District Court,
W. D. Oklahoma.

Aug. 4, 1977.

John C. Moran, Oklahoma City, Okl., for plaintiff.

Jim W. Lee, Oklahoma City, Okl., for defendants First Nat. Bank of Guymon, Okl., Schaub, Board, Ogden, Huckins, Jackson, Hays, McKee, McKinnon, Neu, Gwenifred Lackey, Joel Lee Lackey, Ford, Peacock, Lewis, Ward, Ralstin, Russell, Peddy, and Ogden & Board, Attorneys, and Wilmeth.

David K. Petty, Guymon, Okl., D. Kent Meyers, G. Blaine Schwabe, III, Oklahoma City, Okl., for defendant Frontier Federal.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action for damages and injunctive relief and alleges that the persons and corporations named as Defendants herein conspired together to deprive Plaintiff of her constitutional rights in violation of 42 U.S.C. § 1983 in connection with an action brought in the District Court of Texas County, Oklahoma, by Defendant First National Bank of Guymon, Oklahoma,

for the appointment of a receiver for certain real property owned by Plaintiff and located in Texas County, Oklahoma. Plaintiff's Complaint alleges two causes of action: first, that all of the named Defendants except Frontier Federal Savings and Loan Association of Liberal, Kansas, (Frontier) conspired to cause a receiver to be appointed for Plaintiff's Texas County property without notice to Plaintiff and thereby deprived Plaintiff of her property and property rights; and second, that although Frontier held a first mortgage on said property and received notice of the above proceeding, Frontier failed to take action to protect its mortgage and thereby Plaintiff's rights and interests in the property were damaged through the collection of rents on the property by the receiver. Otherwise these rents would have gone to Plaintiff. The loss of such rents caused Plaintiff to default on Frontier's mortgage which resulted in foreclosure proceedings to be brought by Frontier. In its Order entered herein on May 5, 1977, the Court determined that the Complaint alleges that the Court has jurisdiction of the instant action under 28 U.S.C. § 1343.[1]

Defendants First National Bank of Guymon, Oklahoma, Julian J. Schaub, John Board, Frank M. Ogden, III, Ronald D. Huckins, P. R. Jackson, Robert J. Hays, Dr. Marvin McKee, Carl McKinnon, Raymond C. Neu, Gwenifred Lackey, Joel Lee Lackey, J. D. Ford, R. W. Peacock, Elizabeth J. Lewis, Shirley J. Ward, Yvonne Ralstin, Edith Russell, Sharon Peddy, Frank M. Ogden and John Board of Ogden & Board, Attorneys at Law, and Norman C. Wilmeth have filed a Motion to Dismiss Plaintiff's Complaint for lack of jurisdiction. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto.

In support of their Motion, Defendants contend that neither diversity of citizenship nor a federal question has been properly alleged by Plaintiff in her Complaint; that a suit such as this against a national bank and based upon a commercial transaction cannot be brought in federal court without diversity of citizenship and where there is no federal question involved; that Plaintiff's Complaint alleges mere tortious conduct rather than conduct which deprives Plaintiff of a federally protected constitutional right; and that this Court should abstain from accepting jurisdiction in this case as Plaintiff filed suit on the same cause of action in the District Court for Texas County, Oklahoma, prior to bringing the instant action.

■ In her Brief in opposition to Defendants' Motion, Plaintiff contends that the jurisdiction of this Court has been properly invoked by specific reference to 42 U.S.C. § 1983 in the Complaint; that the Complaint is grounded upon a wrong suffered by Plaintiff in violation of a federal statute and not arising out of a commercial transaction; that 42 U.S.C. § 1983 protects property rights as well as personal liberties; and that Plaintiff's privilege to seek redress under federal law is supplemental to any remedy under state law.

42 U.S.C. § 1983 provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

It is beyond doubt that property rights are protected by the Fourteenth Amendment and violations thereof can be redressed by

1. 28 U.S.C. § 1343 provides in pertinent part as follows:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

. . . . .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

suit under 42 U.S.C. § 1983. *Lynch v. Household Finance Corp.*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); *Rios v. Cessna Finance Corp.*, 488 F.2d 25 (Tenth Cir. 1973); *Gibson v. City of Seattle Department of Police*, 472 F.2d 1220 (Ninth Cir. 1973); *Koger v. Guarino*, 412 F.Supp. 1375 (E.D.Pa.1976). Therefore, Defendants' argument that 42 U.S.C. § 1983 deals only with personal liberties is without merit.

The Complaint herein does not allege that diversity of citizenship exists between Plaintiff and all Defendants but the Complaint does allege that Plaintiff was deprived of her property and property rights under color of law. Diversity of citizenship is not a prerequisite to federal court jurisdiction under 42 U.S.C. § 1983. *Bottone v. Lindsley*, 170 F.2d 705 (Tenth Cir. 1948), *cert. denied*, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101 (1949); *Attwell v. City of Chicago*, 358 F.Supp. 1248 (E.D.Wis. 1973); *Jackson v. Martin*, 261 F.Supp. 902 (N.D.Miss.1966); *Redding v. Pate*, 220 F.Supp. 124 (N.D.Ill.1963). However, to establish jurisdiction under 28 U.S.C. § 1343(3), Plaintiff must raise a substantial federal question. *Center for United Labor Action v. Consolidated Edison Co.*, 376 F.Supp. 699 (S.D.N.Y.1974), *see Almenares v. Wyman*, 453 F.2d 1075 (Second Cir. 1971), *cert. denied*, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972). The federal question must present a constitutional claim that is not so insubstantial as to be merely a matter of form nor frivolous. *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Newburyport Water Co. v. City of Newburyport*, 193 U.S. 561, 24 S.Ct. 553, 48 L.Ed. 795 (1904); *Guerrero v. Schmidt*, 352 F.Supp. 789 (W.D.Wis.1973). A claim is not substantial if it is obviously without merit or foreclosed by prior authoritative decisions. *Guerrero v. Schmidt, supra.*

In applying the above standard to the Complaint in the instant case, the Court concludes that Plaintiff has asserted a substantial federal question, namely Defendants' alleged intentional violation of Plaintiff's constitutionally protected property rights by an alleged conspiracy with a State

official to have her property taken over by an appointed Receiver without notice to her, without her waiving notice of such appointment and without Defendants following the statutory procedure for the appointment of said Receiver. Such a claim is sufficient to confer jurisdiction upon the Court under 28 U.S.C. § 1343(3). This ruling is without prejudice to being reconsidered at the trial if evidence is placed before the Court of a waiver of notice of appointment of said Receiver by Plaintiff or that notice of such appointment was properly given to Plaintiff or that the statutory procedure in connection with the appointment of the Receiver was followed. *See Rios v. Cessna Finance Corp.*, 488 F.2d 25 (Tenth Cir. 1973).

Defendants' final contention is that this Court should abstain from exercising jurisdiction over the instant case as the Texas County District Court has jurisdiction of the parties and subject matter of this action and all of the rights and remedies can be litigated in that case. In cases such as the instant one which arise under 42 U.S.C. § 1983, state courts exercise concurrent jurisdiction with federal district courts. *Long v. District of Columbia*, 152 U.S.App. D.C. 187, 469 F.2d 927 (1972); *Young v. Board of Education*, 416 F.Supp. 1139 (D.Colo.1976); *Bennun v. Board of Governors*, 413 F.Supp. 1274 (D.N.J.1976); *Davis v. Towe*, 379 F.Supp. 536 (E.D.Va.1974), *aff'd*, 526 F.2d 588 (Fourth Cir. 1975); *Horn v. O'Cheskey*, 378 F.Supp. 1280 (D.N.M. 1974). The general rule where there is concurrent jurisdiction of state and federal courts is that the pending of an action in state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Similarly, this Court has held that both federal and state courts of competent jurisdiction may entertain the same in personam cause of action concurrently or at least until such time as judgment is obtained in one which may be set up as res judicata in the other. *Stewart Securities*

*Corp. v. Guaranty Trust Co.*, 394 F.Supp. 1069 (W.D.Okl.1975). Therefore, as the Court has determined that it has subject matter jurisdiction of this case, the Court will entertain this action irrespective of the fact that a case based on the same cause of action is pending in state court. Accordingly, the Court finds and concludes that Defendants' Motion to Dismiss should be overruled.

Defendants are directed to Answer the Complaint within 20 days of this date.

It is so ordered this 4th day of August, 1977.