550 F.Supp. 6 (1981)
Gerald DeMARSH, Pro Se, Plaintiff,
v.
Tom PAYZANT and Oklahoma City School Board, Defendants.
No. CIV-80-1169-D.
United States District Court, W.D. Oklahoma.
August 12, 1981.
*7 Gerald DeMarsh, pro se.
Eric J. Groves, Oklahoma City, Okl., for defendants.

ORDER
DAUGHERTY, District Judge.
This case is a pro se action brought by Plaintiff seeking a Court order directing the Defendants to transfer Plaintiff's son, Gerald DeMarsh, Jr., to a public school other than the assigned school he was attending prior to his withdrawal from school. Also, the "Civil Cover Sheet" filed with Plaintiff's Complaint in this case indicates that Plaintiff is apparently seeking $1,000,000.00 in damages herein. The Court has previously overruled Plaintiff's request for preliminary injunctive relief.
Presently at issue before the Court is Defendant Tom Payzant's Motion to Dismiss wherein he seeks dismissal of Plaintiff's action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, and asks the Court to assess costs against Plaintiff. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto to which Defendant has replied. Oral arguments on said Motion were conducted by the Court on August 4, 1981. Also, Plaintiff has filed herein two Motions entitled "Motion to Set on Docket and Be Heard" wherein he asks the Court to set this case on the trial docket as soon as possible.
In this Motion to Dismiss, Defendant Payzant contends that this case should be dismissed because Plaintiff has failed to include in his Complaint a short and plain statement of the grounds upon which the Court's jurisdiction depends as required by Rule 8(a)(1), Federal Rules of Civil Procedure, and because the facts alleged by Plaintiff do not state a claim arising under the Constitution, laws or treaties of the United States.
Rule 8(a)(1), supra, provides in part that "[a] pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ...." Review of Plaintiff's pro se Complaint herein reveals that Plaintiff has failed to satisfy this requirement. In this connection, it appears *8 from a very liberal interpretation of Plaintiff's allegations in his pro se Complaint and various briefs filed herein that Plaintiff's case is essentially an action under 42 U.S.C. § 1983 in which he claims the Defendants deprived his son of his Fourteenth Amendment rights to equal protection by requiring his son to ride a school bus to his assigned school after his son had informed the police that marijuana was being transported by some of the students on the bus. Plaintiff formally requested a transfer for his son after this incident but his request was denied and Plaintiff then commenced this action.
Assuming that Plaintiff's pro se Complaint satisfies Rule 8(a)(1), supra, the Court notes that it is universally recognized that the federal courts are courts of limited jurisdiction and are empowered to hear only those cases authorized to be heard by a jurisdictional grant from Congress pursuant to Article III of the United States Constitution. Morrison v. Morrison, 408 F.Supp. 315, 316 (N.D.Tex.1976); see Popple v. United States, 416 F.Supp. 1227, 1228 (W.D. N.Y.1976); Wright, Federal Courts 15 (2d ed. 1970). Accordingly, in any given case, a federal court is presumed to lack jurisdiction and this presumption must be overcome by a conclusive showing that the Court is endowed with subject matter jurisdiction. Morrison v. Morrison, supra; Wright, supra; see Popple v. United States, supra.
In the instant case, there appears to be only two statutes, 28 U.S.C. § 1331 and § 1343(3), which may give the Court subject matter jurisdiction over Plaintiff's action. After its 1980 amendment, § 1331 now provides as follows:
"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
The proper test under § 1331 for finding original federal jurisdiction is that there be a "substantial claim founded directly upon federal law." Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 481 (Tenth Cir.1975). The federal questions must be disclosed upon the face of the complaint, unaided by the answer. Phillips Petroleum Co. v. Texaco, 415 U.S. 125, 127-128, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974); Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Madsen v. Prudential Federal Savings & Loan Association, 635 F.2d 797, 800 (Tenth Cir.1980). The Tenth Circuit recently examined § 1331 in Madsen v. Prudential Federal Savings & Loan Association, supra, and stated as follows:
In Mountain Fuel Supply Co. v. Johnson, 586 F.2d 1375, 1381 (10th Cir.1978), cert. denied, 441 U.S. 952, 99 S.Ct. 2182, 60 L.Ed.2d 1058 (1979), we described the test for determining whether a complaint asserts, on its face, a substantial federal question:
"A case `arises' under the laws of the United States if it clearly and substantially involves a dispute or controversy respecting the validity, construction or effect of such laws which is determinative of the resulting judgment. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912). Thus, if the action is not expressly authorized by federal law, does not require the construction of a federal statute and/or regulation and is not required by some distinctive policy of a federal statute to be determined by application of federal legal principles, it does not arise under the laws of the United States for federal question jurisdiction. Lindy v. Lynn, 501 F.2d 1367 (3rd Cir.1974)."
635 F.2d at 801.
A standard similar to the foregoing is applicable to § 1343(3).[1] In this connection, *9 this Court examined § 1343(3) and stated in Hofferber v. First National Bank of Guymon, Oklahoma, 437 F.Supp. 788 (W.D.Okl. 1977), as follows:
[T]o establish jurisdiction under 28 U.S.C. § 1343(3), Plaintiff must raise a substantial federal question. Center for United Labor Action v. Consolidated Edison Co., 376 F.Supp. 699 (S.D.N.Y.1974), see Almenares v. Wyman, 453 F.2d 1075 (Second Cir.1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972). The federal question must present a constitutional claim that is not so insubstantial as to be merely a matter of form nor frivolous. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Newburyport Water Co. v. City of Newburyport, 193 U.S. 561, 24 S.Ct. 553, 48 L.Ed. 795 (1904); Guerrero v. Schmidt, 352 F.Supp. 789 (W.D.Wis.1973). A claim is not substantial if it is obviously without merit or foreclosed by prior authoritative decisions. Guerrero v. Schmidt, supra.

437 F.Supp. at 791.
Applying the above standards to Plaintiff's Complaint herein, it is clear that Plaintiff has not complied with Rule 8(a)(1), supra. Furthermore, the two pertinent jurisdictional statutes do not give the Court subject matter jurisdiction of this action as the matter in controversy (i.e., the failure of Defendants to transfer Plaintiff's son) does not present a substantial federal question as Plaintiff has not alleged that his transfer request was denied on the basis of race, sex or for some other constitutionally offensive reason. In this connection, it has been held that a United States District Court is not a plenary reviewing body for a school board's administrative actions, and this Court therefore will not displace the judgment of the Defendants herein in denying the requested transfer with its own judgment. See Amburgey v. Cassady, 370 F.Supp. 571, 576 (E.D.Ky.1974), aff'd, 507 F.2d 728 (Sixth Cir.1974) (per curiam). Nor has Plaintiff shown in the instant case that there is any basis for this Court to exercise jurisdiction over the claims asserted in his Complaint. Therefore, the Court finds and concludes that Plaintiff's action should be dismissed pursuant to Rule 12(b)(1), supra, for lack of subject matter jurisdiction. The Court further finds in its discretion that Defendant Payzant's request that the Court assess costs against Plaintiff should be denied.
NOTES
[1] 28 U.S.C. § 1343(3) provides as follows:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
. . . . .
(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; ....