Joseph Aguilar GAITAN and Dolores Marie Gaitan, Appellants,

v.

UNITED STATES of America, Appellee.

No. 6647.

United States Court of Appeals Tenth Circuit.

Sept. 27, 1961.

Rehearing Denied Oct. 27, 1961.

Walter L. Gerash, Denver, Colo., for appellants.

Lawrence M. Henry, U. S. Atty. for the Dist. of Colorado, Denver, Colo., for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

The question presented on this appeal is whether a judgment and sentence imposed in a criminal case in the United States Court was open to attack by motion filed under 28 U.S.C. § 2255, on the ground that evidence seized in the course of an unreasonable search by state and local officers was erroneously admitted over the seasonably made objection of the accused.

█ The question arises in this manner. Joseph Aguilar Gaitan and Dolores Marie Gaitan, husband and wife, hereinafter referred to as petitioners, and others, were charged by indictment with violations of the narcotics laws. Prior to trial, petitioners filed a motion to suppress as evidence a bag of marihuana found by officers concealed in the dwelling place of petitioners and seized. After hearing evidence, the court found that the search and seizure were made and effected by state and local officers without a search warrant or other legal authority and without participation on the part of federal officers. The motion was denied; the marihuana was introduced in evidence; in 1957, petitioners were sentenced to imprisonment, one for a term of ten years and the other for a term of five years; the judgments were affirmed, 252 F.2d 256; and certiorari was denied, 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed. 2d 812. In October, 1960, petitioners filed a motion under 28 U.S.C. § 2255 to vacate and set aside the judgments and sentences on the ground that the admission of such evidence constituted a violation of their constitutional rights. The motion was denied, 189 F.Supp. 674; and the cause came here on appeal.

The order denying the motion to vacate and set aside the judgments and sentences is challenged on the ground that the denial of the motion to suppress and the admission of the marihuana in evidence in the trial of the criminal case constituted a denial or infringement of the constitutional rights of petitioners. Of course, the Fourth Amendment to the Constitution of the United States constitutes a sweeping grant of protection against unreasonable searches and seizures. But it does not provide in express language that evidence obtained in the course of an unlawful search and seizure shall be inadmissible in the trial of a

criminal case. In Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, it was held that evidence obtained by federal officers in the course of an illegal search and seizure is not admissible in evidence in a criminal case in the United States Court. That determination did not derive from the explicit requirements of the Amendment. It was based upon judicial implication, and it has been re-iterated time and time again. In Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520, it was held that where an illegal search and seizure is in effect a joint operation of local and federal officers, the evidence obtained must be ex-cluded in the trial of a criminal case in the United States Court; and that rule was reiterated in Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819. At the time of the trial and of the imposition of the sentences under review, it was and had been for a long time the settled rule that evidence obtained through a wrongful search and seizure by state or municipal officers, acting independently of the federal government and not solely for the purpose of aiding in the enforcement of federal law, was admissible in a criminal prosecution in a United States Court even though the property seized was by the state or local officers delivered to federal authorities for the purpose of being used as evidence in connection with the prosecution. Byars v. United States, supra; Feldman v. United States, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408; Taylor v. Hudspeth, 10 Cir., 113 F.2d 825; Butler v. United States, 10 Cir., 153 F.2d 993; Ruhl v. United States, 10 Cir., 148 F.2d 173; Gilbert v. United States, 10 Cir., 163 F.2d 325; Gallegos v. United States, 10 Cir., 237 F.2d 694.

But in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, and Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688, decided in June, 1960, it was held that evidence obtained by state or local officers in the course of an unreasonable search, even without participation by federal officers, and not solely for the purpose of aiding in the enforcement of federal law, must be excluded from evidence in the trial of a criminal case in the United States Court. And in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, decided in June, 1961, it was held in effect that evidence obtained through means of an illegal search and seizure, whether by state, local, or federal officers, acting separately or in conjunction, is to be excluded in the trial of a criminal case either in the state or federal court. It is thus clear that at the time of the trial of petitioners and at the time of the imposition of the sentences upon them, it was the then presently existing rule that evidence secured by state or local officers in the course of an illegal search and seizure, acting independently of federal officers and not for the purpose of aiding in the enforcement of federal law was admissible in a criminal prosecution in a United States Court even though the property seized was by the state or local officers delivered to federal authorities for the purpose of being used as evidence in connection with the prosecution; and that the challenged evidence was admitted in full harmony with that rule. The court had jurisdiction of the subject matter of the cause; had jurisdiction of the persons of petitioners; the challenged evidence was then admissible as against the attack there made and here made; the judgments and sentences were not in conflict with the statutory penalty for the offenses for which petitioners had been found guilty; and the judgments became final.

█ The substance of the familiar doctrine of res judicata as conventionally applied in civil cases is that any right, fact, or matter in issue and directly adjudicated or necessarily involved in the determination of an action before a court of competent jurisdiction in which a judgment or decree has been entered upon the merits is conclusively settled by such judgment and cannot be again litigated between the same parties or their privies, whether the claim, demand, or purpose of the subject matter of the two suits be the same or not. The sweep of the

280

doctrine is that "a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 1827, 42 L.Ed. 355; United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36; Happy Elevator No. 2 v. Osage Construction Co., 10 Cir., 209 F.2d 459. And the doctrine applies in criminal proceedings with the same conclusive effect as in civil proceedings. Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969; United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161; Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180; Wheatley v. United States, 10 Cir., 286 F.2d 519; Yawn v. United States, 5 Cir., 244 F.2d 235.

The question whether the marihuana was admissible in evidence or should be excluded therefrom was put squarely in issue in the criminal case. The question was determined with pinpointed precision. The evidence was admitted and the judgments and sentences became final. Upon becoming final, they fell within the range of the doctrine of res judicata as between the petitioners and the United States in respect to the evidence being admissible or inadmissible, depending upon the circumstances under which it was obtained. And a change thereafter in the rule relating to the admissibility of evidence obtained in that manner did not arrest or suspend application of the principle of res judicata to such judgments and sentences. Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642, 136 A.L.R. 1025, certiorari denied, 314 U.S. 678, 62 S.Ct. 184, 86 L.Ed. 543.

The order denying the motion under 28 U.S.C. § 2255 is affirmed.