**Charles J. MANCUSO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 71–1604.**

United States Court of Appeals, Tenth Circuit.

Aug. 4, 1972.

Blaine L. Boyens, Denver, Colo., for appellant.

Edward H. Funston, Asst. U. S. Atty., (Robert J. Roth, U. S. Atty., and Richard L. Meyer, Asst. U. S. Atty., on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and BRATTON, District Judge.

SETH, Circuit Judge.

This is an appeal from an order dismissing as malicious and frivolous appellant's complaint for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1343, 1346.

The instant case must be viewed in relation to numerous prior actions brought by appellant and dealing largely with the same facts. At all times relevant to this action, as well as to its predecessors, appellant was a prisoner at Leavenworth, Kansas, under the medical supervision of Dr. Charles A. Jarvis, Chief Medical Officer. It appears that on January 26, 1970, appellant suffered a fall in the cellhouse. Claiming to be paralyzed on his left side, he was hospitalized in Leavenworth until September 24, 1970, when he was transferred to the United States Medical Center at Springfield, Missouri. On February 17, 1970, Dr. Jarvis filed a report with the Associate Warden formally charging appellant with "intentional faking" and malingering. Since then appellant has outspokenly complained of his medical treatment, variously asserting his allegations in Civil Actions Nos. L–991, L–1144, L–1170, L–1258, L–1448, and L–1189.

In addition to filing two habeas corpus actions based on the theory that his medical treatment was so bizarre as to constitute cruel and unusual punishment, appellant has filed three claims under the Federal Tort Claims Act alleging negligence and malpractice. The first Tort Claims action was filed in the United States District Court for the District of Kansas in March 1970. Mancuso v. United States, Civil Action No. L–1170. It was dismissed on the ground that Mancuso had failed to establish that he had exhausted his administrative remedies. A second suit was filed in the United States Court of Claims on April 17, 1970, which was subsequently transferred to the District Court. Mancuso v. United States, No. L–1448. On December 29, 1970, No. L–1448 was dismissed on the ground that Mancuso's claim was malicious and frivolous. This determination was made solely upon the basis of the court's findings in Case No. L–1189 to the effect that Mancuso had received competent medical care.

No. L–1189 was a habeas corpus case, alleging cruel and unusual punishment at the hands of prison physicians. Mancuso had apparently been isolated from

the rest of the hospital inmates and was ostensibly confined for therapeutic reasons. After an evidentiary hearing on the issue of cruel and unusual punishment, the court determined that Mancuso's confinement "was based on sound medical judgment, was done on the basis of the prisoner's physical condition, was not for any arbitrary or capricious purpose, and therefore did not constitute cruel and unusual punishment." The court concluded that "the petitioner had, in fact, received excellent medical diagnosis, treatment and attention, and the actions of which appellant complains were instituted for the purpose of protecting his health and welfare, and not for any disciplinary purpose." No. L–1189 was appealed, and this court affirmed the district court's denial of habeas corpus relief.

As of December 29, 1970, then, Mancuso's second Tort Claims action, No. L–1448, had been dismissed as malicious and frivolous solely on the basis of the findings in Case No. 1–1189. In an attempted appeal of the tort action, the district court denied leave to proceed in forma pauperis. This court held that appellant had another appeal pending raising the same issues.

Mancuso then filed No. L–1777, the third action for damages under the Federal Tort Claims Act and the action from which the instant appeal was taken. The trial court entered its conclusion that the present action, as well, was malicious and frivolous and should be dismissed for the reasons set out in No. L–1448. The trial court in No. L–1448 held that appellant was collaterally estopped from pursuing his negligence claim.

Appellant Mancuso urges here that the evidentiary hearing in No. L–1189 was restricted to the constitutional question, the court there noting that it was not concerned with the dispute "as to who is medically right and who is medically wrong." The Government, on the other hand, contends that all of the facts necessary to support the claims of negligence and malpractice were adversely decided therein. After careful consideration we must agree with appellant.

■■ It is fundamental that once an issue has been determined it cannot be relitigated between the parties even in a suit on a different cause of action. Gaitan v. United States, 295 F.2d 277 (10th Cir.). The essential inquiry, however, is whether the critical issues were within the power and authority conferred upon the first tribunal and whether the issues were actually adjudicated and clearly decided. Tidewater Oil Co. v. Jackson, 320 F.2d 157 (10th Cir.). We find no indication in the record that the issues were either litigated or decided, and it is also apparent that no medical testimony was presented on behalf of the appellant in the habeas corpus proceeding. It is true that there was some suggestion of medical competence in Case No. L–1189, but we cannot equate that with a thorough determination of the facts requisite to a negligence or malpractice claim. Within the scope of the evidentiary hearing, the statement that "the petitioner has, in fact, received excellent diagnoses, treatment and attention," was not factually conclusive. The statement was not intended to be a reasoned expression of fact, but rather to emphasize the lack of basis for the petitioner's cruel and unusual punishment claim. Accordingly, we cannot hold that the appellant is precluded by way of collateral estoppel from pursuing his claim on the merits in the instant case.

Reversed.