**Don JOHNSTON, guardian of the person and the Estate of Dora L. Johnston, an incompetent person, Plaintiff,**

v.

**William M. FANCHER and Robert W. Bartlett, Defendants.**

**No. CIV–77–0665–D.**

United States District Court, W. D. Oklahoma.

Nov. 1, 1977.

See also 447 F.Supp. 509.

Jack S. Dawson, Oklahoma City, Okl., for plaintiff.

Larry M. Weber, Keith Myers, Altus, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action in which Plaintiff seeks damages from Defendants for fraudulently inducing Plaintiff's incompetent ward to sell certain real property located in Hollis, Oklahoma, to Defendants for $8,000.00 when the actual value of said property was $15,000.00. Prior to bringing this action, Plaintiff, a Texas resident, was appointed guardian of the person and estate of Dora L. Johnston by the County Court of Briscoe County, Texas. It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendants have filed herein a Motion for Summary Judgment and a Motion to Dismiss pursuant to Rule 56, Federal Rules of Civil Procedure, and Rule 12(b), Federal Rules of Civil Procedure, respectively. Said Motions are supported by a Brief and Plain-

tiff has filed a Brief in opposition to said Motions. The Court will consider Defendants' Motions seriatim.

## MOTION FOR SUMMARY JUDGMENT

In support of their Motion for Summary Judgment, Defendants contend that as this Court previously granted summary judgment in favor of them in Case No. CIV–76–1039–D, 447 F.Supp. 510 (hereinafter 76–1039)[1] on the basis of Plaintiff's lack of capacity to sue, summary judgment is appropriate in the instant case under the doctrine of res judicata as the same parties and cause of action are involved in this case and 76–1039. In his Brief in opposition to Defendants' Motions, Plaintiff argues that the doctrine of res judicata does not apply in the instant case for the following reasons: (1) this case and 76–1039 are not between the same parties in their same capacity as Plaintiff brought 76–1039 in his capacity as a guardian appointed by an Oklahoma court whose appointment was held to be invalid by this Court while Plaintiff appears in the instant case as a guardian appointed by a Texas court; and (2) the judgment in 76–1039 did not adjudicate the same issues presented in the instant case.

 The doctrine of res judicata literally means that the matter has been decided, the principle being that a cause of action once determined between parties by a competent tribunal cannot thereafter be relitigated between the same parties or their privies in a new proceeding although the claim or demand in the subsequent action is different. *Campos v. Employment Security Commission of · New Mexico,* No. 75–1384 (Tenth Cir. Nov. 20, 1975);[2] *Viles v. Prudential Ins. Co. of America,* 124 F.2d 78 (Tenth Cir. 1941), *cert. denied,* 315 U.S. 816, 62 S.Ct. 906, 86 L.Ed. 1214 (1942). The doctrine of res judicata embodies two main rules which may be stated as follows:

(1) The final judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to another action or suit upon the same cause of action before the same or any other tribunal; and

(2) Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject matter of the two suits is the same or not.

The principle of the first rule is referred to as "bar by former judgment," and the second as "conclusiveness of judgment." *Campos v. Employment Security Commission of New Mexico, supra; Glass v. United States Rubber Co.,* 382 F.2d 378 (Tenth Cir. 1967); *Henderson v. United States Radiator Corp.,* 78 F.2d 674 (Tenth Cir. 1935); *see also In Re Johnson,* 518 F.2d 246 (Tenth Cir. 1975), *cert. denied,* 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 125 (1975); *Finnerman v. McCormick,* 499 F.2d 212 (Tenth Cir. 1974), *cert. denied,* 419 U.S. 1049, 95 S.Ct. 624, 42 L.Ed.2d 644 (1974); *Mancuso v. United States,* 464 F.2d 1273 (Tenth Cir. 1972); *Embry v. Equitable Life Assurance Society of the United States,* 451 F.2d 472 (Tenth Cir. 1971), *cert. denied,* 405 U.S. 1041, 92 S.Ct. 1316, 31 L.Ed.2d 582 (1972); *Tidewater Oil Co. v. Jackson,* 320 F.2d 157 (Tenth Cir. 1963); *Gaitan v. United States,* 295 F.2d 277 (Tenth Cir. 1961).

 In 76–1039, the Court determined that Plaintiff lacked capacity to sue as it appeared on the face of the Complaint in that case that his appointment as guardian by an Oklahoma court was void under Oklahoma law due to the fact that Plaintiff was a nonresident of Oklahoma. Accordingly, 76–1039 was dismissed and the Court did not consider the merits of Plaintiff's cause

---

1. Plaintiff's appeal from the Court's decision in 76–1039 is currently pending in the United States Court of Appeals for the Tenth Circuit.

2. Rule 17(c) of the Rules of the Tenth Circuit permits citation of unpublished opinions as precedent.

of action. In the instant case, Plaintiff is relying solely on his appointment as guardian by a Texas court as establishing his capacity to sue. The validity of the Texas appointment was not determined in 76–1039 and is not presently at issue herein.[3] Therefore, as the Court only decided in 76–1039 that Plaintiff's appointment as guardian by the Oklahoma court was void and did not render a judgment upon the merits of Plaintiff's claim, the Court finds and concludes that Plaintiff's cause of action in the instant case is not barred by the doctrine of res judicata and Defendants' Motion for Summary Judgment on this ground should be overruled.

## MOTION TO DISMISS

In support of their Motion to Dismiss, Defendants contend that in 76–1039 Plaintiff has appealed the identical cause of action which he now seeks to prosecute in the instant case and therefore the Court lacks jurisdiction of this case as Plaintiff divested this Court of jurisdiction to entertain any further proceedings in regard to his cause of action by perfecting his appeal in 76–1039.

Ordinarily, when a case is appealed the district court loses jurisdiction over it. *Petuskey v. Rampton,* 431 F.2d 378 (Tenth Cir. 1970), *cert. denied,* 401 U.S. 913, 91 S.Ct. 882, 27 L.Ed.2d 812 (1971); *Board of Education v. York,* 429 F.2d 66 (Tenth Cir. 1970), *cert. denied,* 401 U.S. 954, 91 S.Ct. 968, 28 L.Ed.2d 237 (1971); *Aune v. Reynders,* 344 F.2d 835 (Tenth Cir. 1965). As discussed previously, the only issue decided by this Court in 76–1039 was that Plaintiff lacked capacity to sue and this decision was appealed to the Tenth Circuit. Under the authorities cited above, it is clear that the Court lacks jurisdiction to proceed further in 76–1039. However, the Court does not lack jurisdiction to proceed in the instant case as there are substantial differences between 76–1039 and this case. The capacity issue on appeal in 76–1039 is not present in the instant case. Furthermore, parties nominally the same may be, in legal effect, different while parties nominally different may be, in legal effect, the same. *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263 (1940); *Chicago, Rock Island & Pacific Railway Co. v. Schendel,* 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926); *St. Louis Typographical Union No. 8 v. Herald Co.,* 402 F.2d 553 (Eighth Cir. 1968). As the plaintiff in 76–1039 and the instant case is the same person and the defendants in both cases are the same, it appears at first glance that the same parties are involved in the two cases. However, Plaintiff brought 76–1039 in his capacity as a guardian appointed by an Oklahoma court while he brought the instant case in his capacity as a guardian appointed by a Texas court. Thus, it seems that although the plaintiff in both cases is nominally the same, the legal effect is different as Plaintiff lacked capacity to sue in 76–1039 while the pleadings herein do not raise an issue as to Plaintiff's capacity to sue in this case.

Therefore, as a determination of Plaintiff's cause of action on its merits in the instant case will be unaffected by the Tenth Circuit's decision in 76–1039 and as the plaintiff in 76–1039 and this case are legally different, the Court finds and concludes that it does not lack jurisdiction to proceed in this case while the appeal in 76–1039 is pending. Accordingly, Defendants' Motion to Dismiss should be overruled.

Defendants are directed to Answer Plaintiff's Complaint within 20 days of this date.

---

**3.** Rule 9(a), Federal Rules of Civil Procedure, provides in part as follows:

"When a party desires to raise an issue as to . . . the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

Examination of the record before the Court in the instant case does not reveal a "specific negative averment" of Plaintiff's capacity by the Defendants.