**Clifford C. SOUTHARD and Anna J. Southard, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV–78–0403–D.**

United States District Court, W. D. Oklahoma.

July 18, 1978.

---

[16] See *Hutchins v. Humble Oil & Refining Co.,* Tex.Civ.App., 161 S.W.2d 571, 573; *Coats v. Brown,* Tex.Civ.App., 301 S.W.2d 932, 935–937."

**484**

Clifford C. and Anna J. Southard, pro se.

Larry D. Patton, U. S. Atty., Oklahoma City, Okl., G. Tomas Rhodus, Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is a pro se action brought by Plaintiffs for a refund of all federal income taxes paid by them during the years 1969 through 1976. Pursuant to Rule 12, Federal Rules of Civil Procedure, Defendant has filed herein a Motion to Dismiss Plaintiffs' Complaint with prejudice on the grounds that the Court's decision in *Southard v. Commissioner*, No. CIV-77-0652-D (hereinafter 77-0652-D), dismissing Plaintiffs' action in that case bars the instant action under the doctrine of res judicata. Alternatively, Defendant seeks dismissal of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. Defendant's Motion is supported by a Brief and Plaintiffs have filed a Brief in opposition thereto.

■■■ The doctrine of res judicata literally means that the matter has been decided, the principle being that a cause of action once determined between parties by a competent tribunal cannot thereafter be relitigated between the same parties or their privies in a new proceeding although the claim or demand in the subsequent action is different. *Campos v. Employment Security Commission of New Mexico*, No. 75-1384 (Tenth Cir. Nov. 20, 1975);[1] *Viles v. Prudential Ins. Co. of America*, 124 F.2d 78 (Tenth Cir. 1941), *cert. denied*, 315 U.S. 816,

62 S.Ct. 906, 86 L.Ed. 1214 (1942); *see also Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948). The doctrine of res judicata embodies two main rules which may be stated as follows:

(1) The final judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to another action or suit upon the same cause of action before the same or any other tribunal; and

(2) Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject matter of the two suits is the same or not.

The principle of the first rule is referred to as "bar by former judgment," and the second as "conclusiveness of judgment." *Campos v. Employment Security Commission of New Mexico, supra; Glass v. United States Rubber Co.*, 382 F.2d 378 (Tenth Cir. 1967); *Henderson v. United States Radiator Corp.*, 78 F.2d 674 (Tenth Cir. 1935); *see also In re Johnson*, 518 F.2d 246 (Tenth Cir. 1975), *cert. denied*, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 125 (1975); *Finnerman v. McCormick*, 499 F.2d 212 (Tenth Cir. 1974), *cert. denied*, 416 U.S. 1049, 95 S.Ct. 624, 42 L.Ed.2d 1644 (1974); *Mancuso v. United States*, 464 F.2d 1273 (Tenth Cir. 1972); *Embry v. Equitable Life Assurance Society of the United States*, 451 F.2d 472 (Tenth Cir. 1971), *cert. denied*, 405 U.S. 1041, 92 S.Ct. 1316, 31 L.Ed.2d 582 (1972); *Tidewater Oil Co. v. Jackson*, 320 F.2d 157 (Tenth Cir. 1963); *Gaitan v. United States*, 295 F.2d 277 (Tenth Cir. 1961).

---

**1.** Rule 17(c) of the Rules of the Tenth Circuit permits citation of unpublished opinions as precedent.

77–0652–D was a pro se action brought by the Plaintiffs herein against the Commissioner of Internal Revenue and "other unknown, unnamed Internal Revenue agents" for a refund of all federal income taxes Plaintiffs paid for the years 1969 through 1976 and declaratory and injunctive relief with respect to Plaintiffs' obligations under the federal income tax laws. The Court granted summary judgment in favor of the Defendants on the tax refund issue as Plaintiffs' constitutional claims concerning the federal income tax laws were found to be obviously without merit in view of prior court decisions. In the instant case, Plaintiffs also seek a refund of their federal income taxes for the years 1969 through 1976 but do not seek declaratory or injunctive relief pertaining to the constitutionality of the federal income tax laws as they did in 77–0652–D and have so stated in their Brief in opposition to Defendant's Motion to Dismiss.

Examination of Plaintiffs' Complaint and the attachments thereto in this case reveals that Plaintiffs base their claim for an income tax refund on the contention that any income they received in the form of federal reserve notes during the years in question was not taxable. This contention was specifically considered and rejected by the Court in 77–0652–D. Furthermore, the difference in parties defendant in this case and 77–0652–D is immaterial as 26 U.S.C. § 7422(c) provides that suits for refunds of federal income tax brought against any officer or employee of the United States "shall be treated as if the United States had been a party to such suit in applying the doctrine of res judicata . . . ." Therefore, as the Court has previously entered a final decree upon the merits of Plaintiffs' tax refund claim herein, the Court finds and concludes that the instant action is barred by the doctrine of res judicata. Accordingly, Defendant's Motion to Dismiss and prayer for costs should be granted and Plaintiffs' action dismissed.

It is so ordered this 18 day of July, 1978.