Jim WOOSLEY; Marilyn Woosley; Circle W. Inc., a corporation; First National Bank in Clayton, New Mexico, a corporation; Arthur Williamson, d/b/a Art's Heating, Cooling & Electric; D.R. Baker: Bartlett & Company, a corporation; Dicky J. Hodges, d/b/a Boise City Veterinary Clinic; Charles Whekins, d/b/a Chuck's Sales & Service; Bill Witten, d/b/a City Auto Parts; Julius Cox, d/b/a Cox Farm Equipment; Al Hankla, d/b/a Hankla Furniture; Kenneth Manness; Don Stevenson, d/b/a Star Lumber Company; Hershel Thompson, d/b/a Thompson Implement Company; Clarence R. Walker; Donald R. Walker; BTU Block & Coak, a corporation; Cliff Marshall, d/b/a Cliff Marshall Seed; Paul Gore d/b/a Gore Construction Company; R.P. Isaacs, d/b/a R.W. Isaacs Hardware; L.M. Jacobs, d/b/a L.M. Jacobs Wholesale; Keith Mock, d/b/a Mock Feeders; Earl Sampson, d/b/a Sampson Insurance Company; J.E. "Red" White, d/b/a J.E. "Red" White Supply; and Panhandle Telephone Cooperative, a corporation, Plaintiffs,

v.

HI–PLAINS HARVESTORE, INC., a corporation; Clifton Cattle Company, a corporation; Western Production Credit Association, a corporation; and Merle Lansden, Defendants.

No. CIV–80–109–D.

United States District Court,
W. D. Oklahoma.

Feb. 4, 1981.

Robert H. Loofbourrow, Boise City, Okl., Bryan L. Wright, Guymon, Okl., Murray Cohen and Robert J. Unruh, Jr., Oklahoma City, Okl., for plaintiffs.

J.E. Burns, Ponca City, Okl., and Thomas J. Morris, III, Denver, Colo., for Hi-Plains.

David K. Petty, Guymon, Okl., and Mac W. Hancock, Amarillo, Tex., for Clifton.

D. Kent Meyers and Gary A. Bryant, Oklahoma City, Okl., for Western Production Credit Assn.

Jan Eric Cartwright, Atty. Gen. by Manville T. Buford, Asst. Atty. Gen.; Oklahoma City, Okl., for Lansden.

## ORDER

DAUGHERTY, District Judge.

Plaintiffs bring this action under 42 U.S.C. § 1983 for damages for Defendants' alleged violation of Plaintiff's civil rights. There are two separate classes of plaintiffs:

first, Jim and Marilyn Woosley and the Circle W., Inc. (hereinafter referred to collectively as Woosley); and secondly, Woosley's Creditors. (Creditor Plaintiffs) Plaintiffs Woosley assert that Defendants conspired with Judge Merle Lansden[1] to deprive them of their property without due process of law in connection with a breach of contract action brought in the District Court of Cimarron County, Oklahoma. Plaintiffs Woosley contend that Judge Lansden threatened them with imprisonment for contempt of court unless they dismissed their answer and cross-petition against Defendant Western Production Credit Association (WPCA) in the State court case pending before Judge Lansden in Cimarron County, dropped their demand for a jury trial and executed a deed to all their real estate. The Creditor Plaintiffs assert that they would have been paid by Woosley but for the actions of Defendants and that the Defendants promised to make payment to the Creditor Plaintiffs from the sale of the Woosley estate but the Defendants subsequently refused to do so. It is asserted that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and § 1343.

This action is presently before this Court on Defendant WPCA's Motion to Dismiss Complaint and/or Motion for Summary Judgment, Defendant Hi-Plains Harvestore, Inc.'s (Hi-Plains) Motion to Dismiss, and Defendant Clifton Cattle Company's (Clifton) Motion to Dismiss.[2] All of said Motions are supported by Briefs and Plaintiffs have filed responses thereto. Defendant WPCA has further filed a Reply Brief and a Response Brief to Reply of Plaintiffs Woosley. Plaintiffs Woosley have filed a Response Brief to all Defendants' Motions and a Response to the Reply Brief of WPCA. An evidentiary hearing was held in connection with the instant Motions on January 27, 1981. *See* Rule 56(c), Federal Rules of Civil Procedure.

Defendant WPCA asserts in its Motion that the Creditor Plaintiffs have failed to state a civil rights claim and their Complaint should therefore be dismissed; that all claims of Plaintiffs are barred by applicable statutes of limitations; that because Judge Lansden possesses absolute immunity the allegations of conspiracy against the other Defendants are insufficient to establish liability under color of state law; and that the claims of Woosley have been previously litigated in State court so that this action is barred by res judicata and collateral estoppel.[3]

Defendant Hi-Plains asserts that it has derivative immunity from suit since Judge Lansden has absolute immunity from suit; that Plaintiffs Woosley's claim is barred by res judicata as Defendants were granted summary judgment in Case No. C–75–16 in the District Court of Cimarron County as to Woosley's cross-petition in that case; that the laws and courts of Oklahoma offer adequate remedies to Plaintiffs and therefore recovery under the civil rights act is not available; and that the Creditor Plaintiffs have failed to state a claim for relief under the Civil Rights Act.

Defendant Clifton asserts that Plaintiffs' cause of action is barred by the statute of limitations; that Woosley's cause of action is barred by res judicata by virtue of the judgment in the District Court of Cimarron County in Case No. C–75–16; that the civil rights statutes do not authorize Plaintiffs' alleged cause of action against Clifton as Plaintiffs have not alleged that Clifton's actions were under color of state law; and that this Court is without jurisdiction by reason of absence of diversity of citizenship.

1. Judge Lansden was included as a Defendant in the original Complaint and First Amended Complaint but was dropped by Plaintiffs as a Defendant on May 22, 1980.

2. All the Motions to dismiss filed herein can be treated as Motions for summary judgment pursuant to Rule 12(b), Federal Rules of Civil Procedure, as matters outside the pleadings have been presented in connection with the motions to dismiss and not excluded by the Court.

3. There are two state court cases from the District Court of Cimarron County, Oklahoma, involving the parties in the instant action, Case numbers C–74–6 and C–75–16 (hereinafter referred to as C–74–6 and C–75–16, respectively).

The foregoing contentions will be examined seriatim.

■ First, all Defendants contend that Plaintiffs' action should be dismissed as to them because Judge Lansden possesses absolute immunity and therefore the allegations of conspiracy against all other Defendants are insufficient to establish liability under color of state law. It is true that Judge Lansden possesses absolute immunity. *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). An action against private parties, however, who are alleged to have conspired with a judge to violate a person's civil rights is not subject to dismissal as to the private parties for failure to state a claim for relief under § 1983. *Dennis v. Sparks, supra; Hofferber v. First National Bank of Guymon, Oklahoma,* 437 F.Supp. 788 (W.D.Okl.1977); *see also Norton v. Liddel,* 620 F.2d 1375 (10 Cir.1980); *Bottone v. Lindsley,* 170 F.2d 705 (10 Cir.1948), *cert. denied,* 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101 (1949). In order to maintain such an action against the private parties there must be sufficient allegations of entanglement between the immune state official and the private parties such that the actions of the private parties can be said to be under color of state law. *Norton v. Liddel, supra.*

■ In the instant case Plaintiffs Woosley have alleged and presented several affidavits that Defendants conspired with Judge Lansden to deprive them of their property without due process in that Judge Lansden wrongfully threatened Woosley with imprisonment for contempt of court unless they dismissed their answer and cross-petition against Defendants in Case No. C–74–6 in the District Court of Cimarron County, withdrew Woosley's demand for a jury trial, and executed a deed for the sale of all Woosley's real estate. These allegations appear to be sufficient to state a claim under § 1983 against Defendants.

Next, Defendants Hi-Plains and WPCA assert that the Creditor Plaintiffs have failed to state a cause of action under the Civil Rights Act in that they have failed to show any violation of the Creditor Plaintiffs' civil rights. The Creditor Plaintiffs in the instant action allege[4] that Woosley is indebted to them in certain specific amounts; that all of said debts would have been paid by Woosley but for the wrongful actions of Defendants; and that Defendants promised the Creditor Plaintiffs that the Defendants would pay those obligations once Woosley's real estate was sold and that Defendants failed to carry out that promise.

■ In order to state a cause of action under 42 U.S.C. § 1983, a party must show that (1) the defendant's actions were under color of state law, and (2) the plaintiff has been subject to a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States. *Marland v. Heyse,* 315 F.2d 312 (10 Cir.1963). Mere common-law torts where the complaint avers no injury to any protected federal right are insufficient to state a claim for relief. *Taylor v. Nichols,* 409 F.Supp. 927 (D.Kan.1976), *aff'd,* 558 F.2d 561 (10 Cir.1977). Furthermore, a litigant may only assert his own constitutional rights and not those of a third person. *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

■ In the instant case it appears that the Creditor Plaintiffs have wholly failed to state a claim for relief under the Civil Rights Act. They have not shown any injury to any federally protected right. All the complaint of the Creditor Plaintiffs shows is that Woosley owed them money and that the Defendants allegedly failed to keep a promise made to them. Furthermore, the Creditor Plaintiffs were not the target of the alleged conspiracy between Judge Lansden and Defendants and therefore, the actions of Defendants against the Creditor Plaintiffs would not be under color of state law. Accordingly, Defendant WPCA's and Hi-Plain's Motions should be granted as to the Creditor Plaintiffs named in the Complaint and they should be dismissed from

---

**4.** The Creditor Plaintiffs make their allegations in the original complaint. Plaintiffs Woosley have since filed an amended complaint on their own behalf.

the instant action as they have failed to state a claim for relief under 42 U.S.C. § 1983.

Next, all Defendants contend that Plaintiffs Woosley's cause of action is barred by res judicata and collateral estoppel. Plaintiffs Woosley filed a "cross-petition" in case C–75–16 in the District Court of Cimarron County against the Defendants herein alleging essentially the same conspiracy involved in the instant case. In C–75–16 summary judgment was granted against Plaintiffs Woosley on their "cross-petition" on February 25, 1980.

■ If an action is to be barred by res judicata or collateral estoppel there must be a final determination on the merits which means, on substantial grounds of the action or defense as distinguished from matters of practice, procedure or form. *Providential Development Co. v. United States*, 236 F.2d 277 (10 Cir.1956); *Johnston v. Fancher*, 447 F.Supp. 512 (W.D.Okl.1977).

■ Plaintiffs contend that the judge in C–75–16 granted summary judgment against Woosley's cross-petition as a matter of procedure and not as a judgment on the merits. In this connection Plaintiff has presented a transcript of the pre-trial conference on October 4, 1979, in which the Motion for Summary Judgment in C–75–16 was granted. In said transcript Judge Pickens states that the primary reason for granting summary judgment is because the cross-petition "is a collateral attack made for a basis in C–74–6." Plaintiff also offered testimony from attorneys present at said pre-trial who stated that it was a procedural order and not a judgment on the merits.

In view of the foregoing, the Court finds and concludes that the granting of summary judgment as to Woosley's cross-petition in C–75–16 was procedural in nature and not a judgment on the merits and therefore cannot be res judicata as to the instant action.

Next, Defendant Hi-Plains contends that Plaintiffs have an adequate state remedy and therefore the instant action should be dismissed. There is no requirement that a party exhaust his state remedies before he files an action under 42 U.S.C. § 1983. *See Spence v. Latting*, 512 F.2d 93 (10 Cir. 1975), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975). Therefore, this contention of Hi-Plains is without merit.

Next, Defendants Clifton and WPCA contend that the instant action is barred by Oklahoma's statute of limitation of two years for tort actions such as those alleged by Plaintiffs.

■ Where there is no applicable federal statute of limitation as in an action under 42 U.S.C. § 1983, a court must apply the most analogous statute of limitation of the forum state. *Crosswhite v. Brown*, 424 F.2d 495 (10 Cir.1970); *Ervin v. Lanier*, 404 F.Supp. 15 (E.D.N.Y.1975); *see also* 42 U.S.C. § 1988. Under Oklahoma law:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or *if the plaintiff fails in such action otherwise than upon the merits, the plaintiff,* or, if he should die, and the cause of action survive, his representatives *may commence a new action within one year after the reversal or failure although the time limit got commencing the action shall have expired before the new action is filed.*

12 Okla.Stat. 1971 § 100 (emphasis added).

■ In the instant case the cause of action involved herein arose about January 31, 1975. On March 30, 1976, Woosley filed their answer and cross-petition in state case C–75–16 against Defendants involved herein alleging in their cross-petition essentially the cause of action involved herein. The cross-petition was filed well within the three-year statute of limitation[5] or even

---

**5.** A three-year statute of limitations was applied to Oklahoma cases arising under § 1981 recently by the Tenth Circuit in *Shah v. Halliburton Company*, 627 F.2d 1055 (10 Cir.1980). The Court feels that in regard to limitations

there is little difference, if any, between a § 1981 action and a § 1983 cause of action. Accordingly, the Court will apply a three-year statute of limitation in the instant case. However, it is immaterial in the instant case as it

the two-year statute of limitation alleged to be applicable by Defendants. The Defendants herein were granted summary judgment in their favor on Woosley's cross-petition in state case C–75–16 by an order dated October 4, 1979 and file stamped February 25, 1980. The instant action was filed on January 31, 1980, which was within one year of October 4, 1979, the date summary judgment was granted in open court against Woosley's cross-petition in state case C–75–16. Under this set of facts, and as the granting of summary judgment in state case C–75–16 against Woosley's cross-petition was procedural and not upon the merits as pointed out above, Woosley has complied with the provisions of 12 Okla. Stat. 1971 § 100 and the instant action is not barred by the applicable Oklahoma statute of limitation.

Next, Defendant Clifton asserts that this Court lacks jurisdiction since there is not diversity of citizenship among the parties. This contention is without merit as a cause of action under the Civil Rights Act requires neither diversity of citizenship or amount in controversy. *Bottone v. Lindsley, supra; Hofferber v. First National Bank of Guymon, Oklahoma, supra.*

In view of the foregoing and after due consideration of all Motions to Dismiss which the Court is treating as Motions for Summary Judgment and the extensive Briefs and supporting exhibits filed herein by the parties and the hearing conducted, the Court finds and concludes that Defendants WPCA and Hi-Plains are entitled to judgment in their favor as a matter of law insofar as their Motions ask for judgment against the Creditor Plaintiffs. Accordingly, Defendants WPCA and Hi-Plains' Motions should be granted as to the Creditor Plaintiffs' action and the same should be dismissed without prejudice. As to the remaining issues in all Defendants' Motions, the Court is not satisfied that genuine issues of material facts are not present in the case and that the moving parties are entitled to a judgment as a matter of law. Summary judgment is therefore inappropriate and said Motions should be overruled as to the remaining contentions of the parties. Rule 56, Federal Rules of Civil Procedure; *see, e.g., Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Bankers Trust Co. v. Transamerica Title Insurance Co.,* 594 F.2d 231 (10 Cir.1979); *Harsha v. United States,* 590 F.2d 884 (10 Cir.1979); *Madison v. Deseret Livestock Co.,* 574 F.2d 1027 (10 Cir.1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 561 F.2d 202 (10 Cir.1977).

has been five years since the action arose and the viability of the instant case depends on the applicability of 12 Okla.Stat. 1971 § 100.