**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ABASI S. BAKER,

      Defendant - Appellant.

No. 15-3164
(D.C. Nos. 2:14-CV-02299-CM and
2:11-CR-20020-CM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Abasi Baker seeks a certificate of appealability ("COA") to appeal the denial

of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We deny

a COA and dismiss the appeal.

**I**

Baker was sentenced to 164 years in prison for his role in seven armed

robberies. In the underlying investigation, video surveillance caused police to

investigate a car owned by Baker's girlfriend's mother. His girlfriend told the police

that Baker often used the car. Police then sought a warrant in the U.S. District Court

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for the District of Kansas to retrieve cell phone tower records for Baker's phone and to access the GPS tracking device on his phone. In addition, and without a warrant, the FBI placed a GPS tracking device on the car and tracked it. Baker asserts that the device was on the car for two days—from March 2 to March 3, 2011. The GPS surveillance allowed police to link the car to a robbery on March 3. Baker was then pulled over and arrested, at which point the police found evidence of the crime.

In the court below, and in his brief before this court, Baker claims ineffective assistance of counsel in violation of the Sixth Amendment. He alleges that his attorney failed to review or investigate the record, erroneously informed Baker that the police had secured a warrant to install the car GPS tracker, and failed to file a motion to suppress evidence based on the warrantless tracking. Baker contends that if his attorney had filed a motion to suppress, the result of his criminal trial would have been different. Baker also argues ineffective assistance because the jury instructions failed to reflect that conviction under 18 U.S.C. § 924(c) for the use of or carrying a firearm during and in relation to a crime of violence requires that the person accused of "aiding and abetting" knew in advance that one of his cohorts would be armed. Rosemond v. United States, 134 S. Ct. 1240, 1243 (2014).

**II**

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" exists if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because Baker alleges a violation of his Sixth Amendment right to effective assistance of counsel, he must demonstrate that reasonable jurists could debate whether: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense in a manner "so serious as to deprive [him] of a fair trial . . . whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). If the petitioner fails to make a substantial showing under either prong, we need not address both components. Id. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

We thus begin our analysis under the "sufficient prejudice" prong. Baker contends that had counsel moved to suppress, the court likely would have excluded the evidence gathered with the aid of the warrantless GPS tracking. Courts exclude evidence obtained as a result of an unreasonable search. See Gaitan v. United States, 295 F.2d 277, 278 (10th Cir. 1961). The Supreme Court has stated that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." Arizona v. Gant, 556 U.S. 332, 338 (2009). One such exception is that evidence will not be excluded if "law enforcement officials reasonably believed in good faith that their conduct was in accordance with the law even if decisions subsequent to the search or seizure have

held that conduct of the type engaged in by the law enforcement officials is not permitted by the Constitution." United States v. Peltier, 422 U.S. 531, 538 (1975).

Neither the Supreme Court nor the Tenth Circuit established that GPS tracking of a vehicle is a search under the Fourth Amendment until ten months after the FBI placed the GPS device on Baker's car. United States v. Jones, 132 S. Ct. 945, 949 (2012). For the two-day period during which the device was used, the agents could reasonably have relied on prior Supreme Court decisions to provide authority for warrantless tracking. See United States v. Hohn, 606 F. App'x 902, 906 (10th Cir. 2015) (unpublished) (officers could reasonably have relied on Supreme Court precedent to support their authority for warrantless GPS tracking between July and November 2011). In particular, the agents could have relied on the holding in United States v. Knotts, 460 U.S. 276 (1983), that "[a] person travelling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements" and that electronic tracking of those movements "does not alter the situation." Id. at 281-82. In addition, because the agents placed the device while the car was in Missouri, the agents could have relied on Eighth Circuit precedent holding that "when police have reasonable suspicion that a particular vehicle is [involved in a crime], a warrant is not required when . . . they install a . . . GPS tracking device on it for a reasonable period of time." United States v. Marquez, 605 F.3d 604, 610 (8th Cir. 2010).

Baker argues that, even though precedent supports applying the good faith exception in certain pre-2012 cases, the facts of this case demonstrate that the agents acted in bad faith and so the exception must not apply. We disagree.

-4-

Baker first alleges that the FBI agent intentionally concealed the GPS tracker from the court. Even if this is true, it merely raises the question of whether the agent had an obligation to disclose. As described above, Supreme Court precedent reasonably suggested that he had no such duty. Intentionally failing to disclose information that one reasonably believed he did not have a duty to disclose does not violate good faith.[1]

Baker also asks us not to apply the good faith exception because the agent did not have actual knowledge of relevant Supreme Court precedent, but instead relied on advice from the assistant U.S. attorney ("AUSA"). This argument misconstrues the exception, under which evidence is suppressed "only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional." Peltier, 422 U.S. at 542. As discussed above, a reasonable reading of Supreme Court precedent in 2011 was that law enforcement did not need a warrant to use GPS to track vehicles. Thus, we cannot say that the agent in this case had or should have had knowledge that such tracking was unconstitutional.

Finally, Baker contends that because a judge sitting in Kansas would not have had the authority to issue a warrant to place a GPS device on a vehicle in Missouri,

---

[1] Baker also alleges that bad faith occurred when, he argues, the FBI acted after his arrest to deliberately mislead the court regarding use of the tracker. Whether the agent acted in bad faith after the search does not affect our conclusion that he did not act in bad faith by failing to disclose the GPS device at the time of the search.

18 U.S.C. § 3117(a), the FBI agent should have known that both he and the AUSA also lacked authority to place a warrantless device in Missouri. This reasoning again relies on the assertion that a warrant was clearly necessary at the time the tracker was installed. It was not, particularly in light of Eighth Circuit precedent expressly condoning warrantless GPS tracking of vehicles. Marquez, 605 F.3d at 610. If anything, that the tracker was installed in Missouri—within the Eighth Circuit— supports finding good faith.

For these reasons, there was not a reasonable probability that the trial court would have granted a motion to suppress. Thus, Baker has not made a substantial showing that his counsel's deficiency was so serious as to deprive him of a fair trial whose result is reliable. Strickland, 466 U.S.at 687.

### III

Baker also raises a claim of erroneous jury instructions. However, his discussion of this issue is limited to one paragraph in his Statement of Facts. He does not make any attempt to develop the argument, or to apply the Strickland test to this claim. For this reason, "we lack the information to address this challenge in any meaningful fashion." Williams v. Trammell, 782 F.3d 1184, 1208 (10th Cir. 2015). The claim is waived. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

## IV

We **DENY** a COA, and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge